UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF ROOFERS LOCAL 149 SECURITY BENEFIT
TRUST FUND; ROOFERS LOCAL 149 PENSION FUND,
ROOFERS LOCAL 149 VACATION-HOLIDAY FUND;
and ROOFERS LOCAL 149 APPRENTICESHIP FUND,

    Plaintiffs,                                  Case No.
                                                  Hon.
v

DETROIT CORNICE & SLATE COMPANY, INC.
And KURT A. HESSE, individually,

    Defendants.
_____/
**MATTHEW I. HENZI  P57334**
**DAVID J. SELWOCKI  P51375**
**MELISSA M. KELM  P81739**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Highway, Suite 1000
Southfield, Michigan 48075-1000
248.746.0700
mhenzi@swappc.com
_____/

## **COMPLAINT**

NOW COME the above-named Plaintiffs, by and through their attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C., and for their Complaint against Defendants, DETROIT CORNICE AND SLATE COMPANY, INC. and KURT A. HESSE, Individually, state as follows:

## **GENERAL ALLEGATIONS**

1.  Plaintiffs are the Trustees of the ROOFERS LOCAL 149 SECURITY BENEFIT TRUST FUND; ROOFERS LOCAL 149 PENSION FUND; ROOFERS LOCAL 149 VACATION-HOLIDAY FUND; and ROOFERS LOCAL 149 APPRENTICESHIP FUND (hereinafter referred to as "FUNDS"), which are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC § 186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC § 1001 et seq., with administrative offices in Oakland County, Michigan.

2.  Defendant DETROIT CORNICE AND SLATE COMPANY INC., (hereinafter referred to as "DETROIT CORNICE") is at all relevant times a Michigan corporation with its principal place of business in Michigan.

3.  Upon information and belief, Defendant, KURT A. HESSE (hereinafter referred to as "HESSE") is the principal owner and officer of DETROIT CORNICE and is responsible for running the day-to-day operations of the Company and responsible for all decisions pertaining to payment of contributions to the FUNDS, including decisions whether to pay such contributions.

4. The individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 149, (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6. At all times relevant hereto, Defendant DETROIT CORNICE was signatory to a Collective Bargaining Agreement with the Union.

3

7. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between DETROIT CORNICE and the Union, DETROIT CORNICE agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by DETROIT CORNICE, and covered by the Agreement.

9. That pursuant to the provisions of the Trust and Plan documents for the FUNDS, contributions become vested plan assets on the date in which they are due.

10. That pursuant to the Collective Bargaining Agreement, Defendant DETROIT CORNICE was required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

11. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

12. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement

13. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

## COUNT I - Breach of Contract by Defendant, Detroit Cornice
## 29 USC §1145 Violations by Defendants

15. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 14 as though fully set forth herein.

16. That notwithstanding their contractual obligations, Defendants have failed to pay their obligations, therefore violating the Collective Bargaining Agreement and various provisions of ERISA, including but not limited to 29 USC §1145.

5

17. By the above described omissions and breaches of the Collective Bargaining Agreement by DETROIT CORNICE, the Trustees of the Plaintiff FUNDS have been prevented from discharging their duties as permitted by the parties' CBAs and the associated trust documents for each of the FUNDS.

18. That in the event the audit reveals that Defendants owe fringe benefit contributions, the Trustees of the FUNDS may be required to deny employee beneficiaries of such FUNDS, for whom contributions have not been made, the benefits provided thereunder, thereby causing to such employee beneficiaries substantial and irreparable damage.

19. That notwithstanding its contractual obligations, Defendants have failed and refused to pay their obligations, therefore violating the Collective Bargaining Agreements.

20. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, the FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant DETROIT CORNICE AND SLATE COMPANY, INC., open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiff FUNDS against Defendants, DETROIT CORNICE AND SLATE COMPANY, INC., and KURT A HESSE, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties of Kurt A. Hesse

21. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 20 above as though fully set forth herein.

22. HESSE is a fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that he

exercised discretionary authority or control respecting management or disposition of the assets of the plans.

23. By engaging in the acts and omissions described, HESSE has breached his fiduciary duties regarding the FUNDS within the meaning of 29 USC § 1104(a)(1)(A).

24. Individual Defendant HESSE is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, the FUNDS request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

- B. Enter an Order that Defendant DETROIT CORNICE AND SLATE COMPANY, INC., open its books and records for a complete payroll audit;

- C. Enter a Judgment in favor of Plaintiff FUNDS against Defendants, DETROIT CORNICE AND SLATE COMPANY, INC., and KURT A HESSE, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

- D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

- E. Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**SULLIVAN, WARD, ASHER & PATTON, P.C.**

/s/ *Matthew I. Henzi*
Matthew I. Henzi (P57334)
Sullivan, Ward, Asher & Patton, P.C.
Attorney for Plaintiffs
25800 Northwestern Highway, Ste. 1000
Southfield, MI  48075
248.746.0700
mhenzi@swappc.com

Dated:  August 2, 2019
W2327104.DOC